## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

CELL ENERGY, LLC,

      Plaintiff/Counter-Defendant,

v.                                          Civ. No. 16-188 GJF/LAM

DEVON ENERGY PRODUCTION COMPANY,
L.P., and DEVON GAS SERVICES, L.P.,

      Defendants/Counter-Plaintiffs.

### MEMORANDUM OPINION AND ORDER

This case is before the Court upon Plaintiff/Counter-Defendant Cell Energy, LLC's "Amended Motion to Dismiss for Failure to State a Claim" ("Motion") [ECF No. 22] and Defendants/Counter-Plaintiffs Devon Energy Production Company, L.P. and Devon Gas Services, L.P.'s "Response to Plaintiff's Amended Motion to Dismiss for Failure to State a Claim" ("Response") [ECF No. 24].  Having received the consent of the parties pursuant to Federal Rule of Civil Procedure 73(b) and 28 U.S.C. § 636(c) [ECF Nos. 14, 15], the Court has considered the briefings, the record, and extant case law, and concludes that the Motion should be granted, for the reasons that follow.[1]

## I.      BACKGROUND

Cell Energy, LLC ("Cell Energy"), is a Texas limited liability company working in the oil and gas service industry in Texas and New Mexico.  Pl.'s Original Compl. 1-2, ECF No. 1.  Devon Energy Production Company, L.P. ("DEPCO") and Devon Gas Services, L.P.

---

[1] Given the Court's disposition of the instant motion, the Court will deny Plaintiff's original Motion to Dismiss Defendants' Counter-Claim for Failure to State a Claim [ECF No. 11] as moot.

(collectively, "the Devon Subsidiaries")[2] are divisions of the Devon Energy Corporation, a global oil and gas exploration and production company.  *See id.*

On approximately September 9, 2014,[3] Cell Energy and the Devon Subsidiaries entered into a contract whereby Cell Energy agreed to provide the Devon Subsidiaries with fluid hauling services.  *Id.* at 2. The parties agreed that the laws of the State of Oklahoma would "govern the interpretation of [the contract] and the rights of the parties."  *Id.*, Ex. A at 12.  The date that Cell Energy began performing under the contract remains unspecified, but Cell Energy claims that between July 2015 and January 2016, it provided fluid hauling services for the Devon Subsidiaries for which it was not paid.   Specifically, it claims unpaid invoices for work performed in this time period in the amount of $366,815.38.  *Id.*  Additionally, Cell Energy claims that it performed "fluid hauling services and reclamation services at various locations" from October 2015 through December 2015 for which it is owed an additional $30,473.60.  *Id.* at 3.  By its estimation:

> [The Devon Subsidiaries] defaulted in making required payments on its account with Cell Energy under the [contract]. The principal balance due [Cell Energy] by [the Devon Subsidiaries] on subject account is at least $397,288.98 after all just and lawful offsets, credits, and payments have been allowed.  [Cell Energy] has demanded that [the Devon Subsidiaries] pay all amounts, but [the Devon Subsidiaries] have failed and refused to do so.

*Id.* at 4.

The Devon Subsidiaries contest Cell Energy's account.  They admit that they entered into a contract with Cell Energy.  Defs.' Am. Answer to Pl.'s Original Compl. and Am. Counterclaim

---

[2] Devon Energy Production Company, L.P. is an Oklahoma limited partnership with its principal place of business in Oklahoma City, Oklahoma.  Pl.'s Original Compl. 1, ECF No. 1.  Devon Gas Services, L.P. is a Delaware limited partnership with its principal place of business in Oklahoma City, Oklahoma.  *Id.*

[3] The parties' contract, titled "Master Service and Supply Agreement Onshore and Maritime," does not articulate the date of the contract's signing; it bears only each party representative's name, signature, and title.  *Id*, Ex. A at 14. The document's cover page, however, bears a stamp evidencing its receipt by the "Devon Energy Corporation Contracts Administration" on September 11, 2014.  *Id.*, Ex. A at 1.

("Am. Answer") 2, ECF No. 21.  They further admit that "Cell Energy provided some fluid hauling services" for Devon Energy Production Company, L.P. during the relevant period, and "that such services were mainly provided in Lea and Eddy Counties, New Mexico." *Id.*  Beyond that, however, the Devon Subsidiaries challenge not only the veracity of Plaintiff's claim, but its business dealings generally.

The Devon Subsidiaries allege numerous forms and instances of fraudulent overbilling perpetrated by Cell Energy.  First, they claim that "Cell Energy's invoices reveal 3,519 hours billed by Cell Energy to DEPCO in excess of 15 hours per day per driver.  At Cell Energy's rate of $85.00 per hour, this represents $299,156.81 in over-charges by Cell Energy."  *Id.* at 5.  Additionally, DEPCO alleges "numerous instances" of Cell Energy billing "in excess of 24 hours for a single day's service for a single piece of equipment and driver."  *Id.*  DEPCO cites to five specific invoices to support the claim.  *Id.* at 6.  Further, DEPCO contends that its investigation has revealed "instances of overbilling where Cell Energy billed for the disposal of salt water at sites which charge for disposal, but upon information and belief, those sites have no records of the disposal for which Cell Energy improperly charged DEPCO."  *Id.*  In support of this claim, DEPCO cites to twenty separate "phantom disposals."  *Id.* at 6-7.  Finally, DEPCO makes the more general allegation that "virtually all of Cell Energy's invoices to DEPCO are for 130 barrels per load, but the usual and normal capacity of a water truck is 120 or 121 barrels resulting in over billings to DEPCO of roughly seven percent on each bill."  *Id.* at 7.

Cell Energy denies these allegations.  Pl.'s First Am. Reply to Defs.' Answer and Counterclaims ("Reply") 1-2, ECF No. 23.

## II.     PROCEDURAL HISTORY

Cell Energy filed its Complaint against the Devon Subsidiaries on March 15, 2016.  ECF No. 1.  Therein, and based on the facts described above, Cell Energy advances six theories of recovery, which include: (1) breach of contract; (2) quantum meruit; (3) promissory estoppel; (4) open account; (5) account stated; and (6) unjust enrichment.  Pl.'s Original Compl. 4-5.

The Devon Subsidiaries filed their Answer on April 15, 2016.  ECF No. 9.  Later, after receiving leave of Court to do so, they filed their Amended Answer on May 24, 2016.  ECF No. 21.  *See* ECF Nos. 19, 20.  In the Amended Answer, they not only deny Cell Energy's allegations, but also allege the following three counterclaims for relief: (1) accounting: (2) money owing/breach of contract; and (3) fraud.  Defs.' Am. Answer 3-8.

Shortly after the filing of the Devon Subsidiaries' Amended Answer, Cell Energy filed its Amended Motion to Dismiss on June 10, 2016.  ECF No. 22.  The Motion does not seek dismissal of each of the Devon Subsidiaries' counterclaims, but rather, narrowly asserts that the Devon Subsidiaries' "[c]ounterclaim for [a]ccounting should be dismissed."  Pl.'s Mot. 2.  The Devon Subsidiaries responded to Cell Energy's Motion on June 24, 2016.  ECF No. 24.  Cell Energy elected not to file a reply, and consequently, its Motion is considered fully briefed and ripe for ruling.[4]

## III.     LEGAL STANDARD

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  A plaintiff's complaint (or a defendant's counter-claim) must set forth factual allegations that "raise a right to relief above the speculative

---

[4] The Court notes that Plaintiff did not include in its motion any recitation that it had complied with the consultation requirement of Local Rule 7.1(a).  The Court further notes that Plaintiff also failed to comply with Local Rule 7.4(e)'s requirement to file a notice that briefing on the instant motion has been completed.  Plaintiff's counsel are cautioned to familiarize themselves with, and comply with, all of the Court's Local Rules going forward.

level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  It is not enough for a claimant to just set forth labels, conclusions, and formulaic recitation of the elements of a cause of action. *Id.*  When reviewing a complaint for Rule 12(b)(6) purposes, the Court must accept all well-pleaded allegations as true.  *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  The Court must view the allegations in the light most favorable to the claimant.  *Id.*  The Court "will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable."  *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).  "This plausibility standard does not require evidence of probability, but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## IV.   ANALYSIS

At first blush, the basis for Cell Energy's Motion is simple.  It claims that, under Oklahoma law, "[a]ccounting is an equitable remedy available if a party has prevailed on a theory or recovery," and the Devon Subsidiaries "have incorrectly used it as a cause of action, and not a remedy."  Pl.'s Mot. 2 (citations omitted).  To support its position, Cell Energy cites to an unpublished case for the proposition that a party seeking an accounting must show: "(1) a confidential relationship; (2) the defendant had control over another's property and records concerning the property; (3) after a demand for an accounting defendant did not account or return the property; and (4) there was no adequate remedy at law."  *Id.* at 2-3 (citing *I.P.I.C., GSP, S.L. v. Ruhrpumpen, Inc.*, No. 08-CV-0510-CVEPJC, 2008 WL 5122697, at *4 (N.D. Okla. Dec. 4, 2008)).  Cell Energy posits that, under this standard, the Devon Subsidiaries "fail[ed] to allege that [Cell Energy] had control over their property or records, that they made a demand, or that they lack an adequate remedy at law."  *Id.* at 3.  Furthermore, by its estimation, "[a] request

for accounting or an 'equitable accounting' is a proceeding to adjust mutual accounts and strike a balance," and the Devon Subsidiaries "have failed to establish that there is balance due" to them. *Id.* at 2-3.   For these reasons, Cell Energy requests that this Court dismiss the Devon Subsidiaries' counterclaim for accounting because accounting is not a stand-alone cause of action on these facts under Oklahoma law.

The Devon Subsidiaries challenge Cell Energy's interpretation of their accounting claim, and assert instead that their "counterclaim for accounting is a valid cause of action and sufficiently pled."   Defs.' Resp. 5.   They contend that "[a]n accounting may serve many different purposes," and Cell Energy has "incorrectly state[d] that an accounting is solely a remedy."  *Id.*  Further, they reason that Cell Energy has "confuse[d] Oklahoma authority that sets forth a set of facts or elements that will justify an accounting, as the only set of facts or elements that permit an accounting under Oklahoma law."  *Id.* at 6.  In support of that notion, the Devon Subsidiaries cite to Oklahoma cases where accountings were ordered to, *inter alia*: (1) determine mineral owners' interests; (2) ascertain property rights of parties under a divorce decree and contract; and (3) develop discovery in an action on a complicated mutual account where one party possessed all relevant knowledge.  *Id.* at 5-6 (citing *Fleet v. Sanguine*, *Ltd.*, 854 P.2d 892 (Okla. 1993); *Mills v. Mills*, 512 P.2d 143 (Okla. 1973); *Fernow v. Gubser*, 169 P.2d 529 (Okla. 1945)).  Based on these cases, the Devon Subsidiaries explain that "[a]n accounting is necessary due to the complicated nature of the accounts involved in the issue and the fact that the knowledge regarding those accounts lies with Plaintiff."  *Id.* at 7.  More specifically, they allege that "Cell Energy controls hundreds of invoices, holds the trucking logs for its employees, and possesses the records from [disposal] facilities."  *Id.*  Consequently, they conclude that "Cell Energy's inaccurate and inflated bills should be cured by a Court ordered accounting."  *Id.*

### A.  Oklahoma Law on Accounting

On May 13, 2016, the Oklahoma Court of Civil Appeals endeavored to define accounting under Oklahoma law, and ultimately reasoned that three - and possibly four - separate types of accounting exist under Oklahoma law.  *See Margaret Blair Trust v. Blair*, 2016 OK CIV APP 47, ¶ 16, *reh'g denied* (June 15, 2016).  The first three constitute causes of action, and include: (1) accounting at law; (2) equitable accounting; and (3) equity jurisdiction over an accounting at law.  *Id.* ¶¶ 17-21.  The Court also found a "possible fourth category of equitable accounting" as "a remedy when a plaintiff has prevailed on a theory of recovery."  *Id.* ¶ 22.

#### 1.  Accounting at law

The first type of action, known as "accounting at law," is "a court's enforcement of a legal duty to account created by contract and fiduciary status."  *Id.* ¶ 17.  "If a contract states a right to an accounting, or a fiduciary duty creates such a right, its enforcement is initially a matter of tort or contract law, and not an equitable matter."  *Id.* (citing *Horton v. Hamilton*, 2015 OK 6, ¶¶ 21–23).  Thus, "[a] failure to account pursuant to a legal duty is pursued as a breach of duty, and is not an equitable matter at all."  *Id.* ¶ 18.

#### 2.  Equitable accounting

The second action is equitable accounting, "where the plaintiff lacks a legal right to an accounting, but one is necessary to obtain an adequate remedy because the plaintiff has a cognizable legal right to recover, but no other adequate remedy at law."  *Id.* ¶ 19.  In these circumstances, a court "may invoke its equitable powers to order an accounting."  *Id.* Conversely, where remedies at law do exist, this cause may not be pursued.  *Id.* (citing *Robertson v. Maney*, 166 P.2d 106 (Okla. 1946); *Stahl Petroleum Corp. v. Peppers Gasoline Co.*, 176 P.2d 988 (Okla. 1947)).

### 3.   Equitable jurisdiction over an accounting at law

The third type of accounting action "is that of a court taking equity jurisdiction over an otherwise legal action to enforce an accounting right and decide any subsequent damages because the complicated and drawn-out character of the accounting may make it difficult for a jury to decide if the accounting is sufficient, and decide if the accounting shows damages." *Id.* ¶ 20.  As the *Margaret Blair Trust* court explained, "many cases arise in which the determination of what is justly due to a plaintiff necessarily involves long and difficult inquiries-for instance, it may be necessary to review a series of transactions extending over many years. For such an investigation a jury is clearly incompetent." *Id.* ¶ 21 (quoting *Basinger v. Provident Life & Acc. Ins. Co*., 239 N.W.2d 735, 737–38 (Mich. Ct. App. 1976)).

### 4.   Accounting as a remedy

Lastly, a fourth category of accounting may exist as a remedy when a plaintiff prevails on a separate theory of recovery.  *Id.* ¶ 22.  The *Margaret Blair Trust* court cautioned, however, that the remedy of equitable accounting "may not be a separate category of accounting under Oklahoma law."  *Id.*   After tracing the origins of the remedy through Oklahoma case law, the court opined that "the exact nature of equitable accounting as a 'remedy' remains unclear."  *Id.* ¶ 23.  The court explained:

> [Accounting as a remedy] appears to be simply a restatement of the "equitable accounting" principle of *Dobry*, which is applied when a plaintiff has shown need for an accounting because some money is owed and the plaintiff can obtain no adequate remedy at law.  However, "accounting" appears to be the process by which the court or jury acquires evidence of the amount of money due. The actual remedy is simply a money judgment when this process is complete.

*Id.* (citing *Dobry v. Dobry*, 324 P.2d 534 (Okla. 1958)).

Having established that accounting in certain circumstances does constitute a cause of action under Oklahoma law, the Court must next turn to which of these accounting causes (if any) the Devon Subsidiaries have pleaded, and whether they have pleaded facts sufficient to survive Cell Energy's Motion.

### B. Defining the Devon Subsidiaries' Cause of Action

Using the *Margaret Blair Trust* opinion as a guide, the theory of accounting now pending before the Court becomes clear. In their Amended Answer, the Devon Subsidiaries incorporate the allegations detailed above, *see supra* pp. 2-3, and make these additional assertions:

> Cell Energy has a contractual duty to bill DEPCO accurately;
>
> Cell Energy sent DEPCO bills on the basis of each well or facility served so that DEPCO would receive multiple bills covering the same period of time;
>
> The billings of DEPCO by Cell Energy are complex in that it [sic] requires review and assimilation of various records in Cell Energy's possession including each truck driver's hours of service logs, volumetric information, and billings from salt water disposal facilities. DEPCO cannot fully check and verify Cell Energy's billings based on records in DEPCO's possession; and
>
> Based on the numerous problems in Cell Energy's billings as described above, Cell Energy should be required [sic] properly account for all of its invoices to DEPCO, including previously paid invoices, and reduce the total amount of those billings to conform to the requirements of the MSSA, [f]ederal hours of service regulations, services actually performed, actual load volumes, and salt water disposals that actually occurred.

Defs.' Am. Answer 7-8. Through their Response, the Devon Subsidiaries also emphasize that "[t]he records necessary to complete the complex [billing investigation] are in Cell Energy's possession" and reiterate that "Cell Energy owes Devon the contractual duty to *fairly and accurately bill* for services actually rendered." Defs.' Resp. 4 (emphasis added).

For the Devon Subsidiaries to competently plead an accounting at law or invoke this Court's equity jurisdiction over an accounting at law, the Devon Subsidiaries must first establish that a contract "states a right to an accounting," or that "a fiduciary duty creates such a right." *Margaret Blair Trust*, 2016 OK CIV APP 47, ¶ 17.  Here, however, neither party has pleaded a contractual right to an accounting, nor does the contract attached to Cell Energy's Complaint evince such a right.  *See* Pl.'s Original Compl., Ex. A.  Obligations of fair and accurate billing do not suffice.  Further, what duties exist between Cell Energy and the Devon Subsidiaries are clearly contractual, rather than fiduciary.   *See Horton v. Hamilton*, 2015 OK 6, ¶ 21 (holding that a fiduciary relationship exists "when one person acquires influence over another such that the influenced allows the influencer to substitute his or her will for the influenced's own").  Thus, because no contractual or fiduciary duty compels an accounting in this matter, the Devon Subsidiaries must necessarily be requesting an equitable accounting.[5]

### C.  The Devon Subsidiaries Have Failed to State a Claim for Equitable Accounting

Under the Tenth Circuit standard, adopted from the Oklahoma Supreme Court, a plaintiff seeking an equitable accounting in Oklahoma must prove: "(1) a confidential relationship; (2) the defendant had control over another's property and records concerning the property; (3) after a demand for an accounting defendant did not account or return the property; and (4) there was no adequate remedy at law." *Howell Petroleum Corp. v. Leben Oil Corp*., 976 F.2d 614, 620 (10th Cir. 1992) (citing *Arthur v. Arthur,* 354 P.2d 199, 204 (Okla. 1959)); *see Roberts v. Am. Med. Sec., Inc*., No. 09-CV-356-GKF-TLW, 2012 WL 2126947, at *13 (N.D. Okla. June 11, 2012) (using same standard); *Chieftain Royalty Co. v. Dominion Oklahoma Texas Expl. & Prod., Inc.*, No. CIV-11-344-R, 2011 WL 9527717, at *6 (W.D. Okla. July 14, 2011) (same); *I.P.I.C., GSP,*

---

[5] The Court need not address the possible fourth type of accounting – accounting as a remedy – since the Devon Subsidiaries maintain their counterclaim is not merely a remedy but a "cause of action."  Defs.' Resp. 5.

*S.L.*, 2008 WL 5122697, at *4 (same).   Additionally, the Tenth Circuit requires a plaintiff "to show a balance was due in order to establish a right to an [equitable] accounting."   *Id.  See also Roberts*, 2012 WL 2126947, at *13.

The Devon Subsidiaries have failed to establish their right to an equitable accounting. *See Dobry*, 324 P.2d at 537 (holding that, as a general rule, "where the right to an accounting is placed in issue, as in this case, the burden is upon the plaintiff to prove his right to the relief sought").  Of the elements required, they have successfully adduced few.  Accepting their well-pleaded allegations as true, *see Smith*, 561 F.3d at 1098, the Court finds that Cell Energy controls at least some of the records required by the Devon Subsidiaries to pursue this suit.  Similarly, viewing the allegations in the light most favorable to the Devon Subsidiaries, *see id.*, the Court could find that a balance was owed to them.

Beyond these two instances, however, the Devon Subsidiaries have failed to sufficiently plead the elements of equitable accounting.  First, the Devon Subsidiaries have not demonstrated a confidential relationship with Cell Energy.  *See Estate of Gerard v. Gerard*, 911 P.2d 266, 271 (Okla. 1995) (defining confidential relationship "as one that exists whenever trust and confidence are placed by one person in the integrity and fidelity of another"); *Sutton v. Faulkner*, 446 P.2d 611, 615 (Okla. 1968) (defining confidential relationship as "one which arises by reason of kinship between the parties, or professional, business or social relations that could reasonably lead an ordinarily prudent person in the management of his business affairs to repose that degree of confidence in another which largely results in the substitution of the will of this other party for that of the person reposing the trust); *see also Sellers v. Sellers*, 428 P.2d 230, 236 (Okla. 1967) (equating fiduciary and confidential relationships).  In addition, they have failed to

show that Cell Energy had control over their property, or that they made any demand for either an accounting or a return of said property.

Most importantly, the Devon Subsidiaries have failed to show that they have no other remedy available at law. *See Margaret Blair Trust*, 2016 OK CIV APP 47, ¶ 19 (highlighting, through multiple case citations, the centrality of the requirement "that a plaintiff have no other adequate remedy before an accounting demand becomes equitable") (citations omitted). Alongside their counterclaim for accounting, the Devon Subsidiaries have advanced allegations of fraud and breach of contract. Through the ordinary process of discovery, the Devon Subsidiaries will likely demand (and perhaps already have demanded) access to the same records they now cite to substantiate a claim for accounting. Through interrogatories and requests for production (helped along if necessary by motions to compel), combined with traditional expert damage calculations, this Court has no reason at this stage of the litigation to believe that the Devon Subsidiaries cannot obtain relief through their pursuit of legal remedies. As a consequence, their counter-claim for accounting as a stand-alone cause of action must fail, and this Court will grant Cell Energy's Motion.

The Court hastens to add, however, that its decision is limited to the narrow legal question of whether Oklahoma law permits a *cause of action* for accounting under the facts of this case. The Court did not decide – and expressly leaves open – the question of whether an accounting should be ordered at some later point in this case, whether as a matter of equity or otherwise. The Court can envision multiple possible scenarios under which its equitable power to order an accounting could be appropriately used, including, for example, to compute appropriate offset to Plaintiff's recovery or to calculate damages on either or both of Defendants' remaining counter-claims. *See Fleet v. Sanguine, Ltd*, 854 P.2d 892, 901-02 (Okla. 1993)

("Equitable accounting may be decreed in an action which is founded primarily upon other grounds, if it is necessary to afford the parties complete relief.").  Since none of those scenarios are currently before the Court, the Court need not decide when and under what circumstances the need for an accounting may ripen.

## V.    CONCLUSION

For the reasons detailed above, the Devon Subsidiaries have failed to state a claim for equitable accounting under Oklahoma law.  Therefore, the Court **HEREBY GRANTS** Cell Energy's Motion [ECF No. 22] and **HEREBY DISMISSES** Count One of the Devon Subsidiaries' Amended Answer and Counterclaim [ECF No. 21].

**IT IS SO ORDERED.**

THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
***Presiding by Consent***