IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CELL ENERGY, LLC,**

    **Plaintiff/Counter Defendant,**

v.                                        No. CIV-16-0188 GJF/LAM

**DEVON ENERGY PRODUCTION
COMPANY, L.P.,**

    **Defendant/Counter Claimant.**

## AGREED CONFIDENTIALITY AND PROTECTIVE ORDER

**THIS MATTER** is before the Court on *Plaintiff's Motion for Protective Order (Doc. 50)*, filed November 14, 2016, and the parties' *Notice to the Court (Doc. 56)*, filed December 12, 2016, stating that the parties have agreed to the entry of this protective order. Having considered the motion and the parties' Agreed Confidentiality and Protective Order, it is hereby **ORDERED** that:

    1.    Counsel for the producing party may designate any documents or things produced in the course of this Lawsuit as confidential when such party, or counsel for such party, in good faith believes that such document or material is a Confidential Document or contains Confidential Information.

    2.    The terms "Confidential Information" and/or "Confidential Document" are defined as: "Confidential, financial or proprietary information or trade secrets of a party or non-party, not otherwise subject to public disclosure or generally available to the public, including all documents, transcripts, and other information marked or designated as 'Confidential,' and that pertain to confidential, financial and/or proprietary information or related information or documents."

3. Under this Order, any and all of Cell Energy's business records pertaining to the payment of its employees and its financial records are considered CONFIDENTIAL. The designation of Produced Material as "CONFIDENTIAL" is otherwise not a concession, admission, or representation by either the producing or receiving party that such material, or any information contained therein, is in fact a trade secret or confidential information under Texas law. The designation of "CONFIDENTIAL" may not be used against either party in any proceeding.

4. The parties shall so designate a document or thing by marking it "CONFIDENTIAL." Documents produced in native electronic format will not have a physical stamp and will be designated as confidential by prepending "CONF" to the original file name prior to producing or furnishing the electronic document or file.

5. In the event any electronic document or file designated "CONFIDENTIAL" is produced in native electronic format and a party subsequently prints the electronic document or file, it shall be the responsibility of the party who prints the document or file to affix the appropriate stamp to the printed document or file before disclosing to persons qualified under this Order.

6. For non-written material, such as recordings, magnetic media, floppy disks, CD-ROMs, photographs, and other tangible items, the producing party shall attach a marking that prominently displays the word "CONFIDENTIAL" to the material or to a container for that material, in any suitable manner.

7. No document shall be designated as confidential if it can be reasonably determined, from the face of the document, that the document has been distributed to persons not obligated to maintain the confidentiality of the information contained therein.

8. With the exception of the Court and Court employees, no Confidential Information produced in this action shall be disclosed in any manner except to: (1) the attorneys of record in this case; (2) employees and contract workers engaged in the preparation for the trial of this action, including paralegal and clerical staff; (3) consultants or experts retained by or on behalf of any Party to whom disclosure is necessary for the preparation of this action for trial; (4) a witness whose testimony is being taken either during deposition or at trial; and (5) as evidence in a trial or hearing in this action. No copies of any "Confidential Information" shall be made or delivered to any other person, firm or corporation.

9. Confidential Information shall be used solely for the purpose of conducting this action and not for any other purpose whatsoever. Counsel of record in this case shall advise their consultants, paralegal, computer, secretarial, clerical, and other employees and contract workers of the requirements imposed by this Order.

10. Any person receiving a document or thing designated "CONFIDENTIAL" shall not disclose, disseminate, divulge or discuss such information to or with any other person who is not entitled to receive such information under this Order. Any copies made of Confidential Documents or Confidential Information are also confidential. With the exception of the Court and Court employees, any person who is given access to the Confidential Documents or Confidential Information as permitted herein shall first be informed of the provisions of this Order.

11. Any inadvertent failure by the producing party to designate information as "CONFIDENTIAL" shall not constitute or act as a waiver of its ability to designate such information as "CONFIDENTIAL" pursuant to this Order. The receiving party's obligation to treat information as confidential shall commence upon its receipt of the producing party's designation of information as "CONFIDENTIAL."

12. If the parties or their counsel receive a subpoena or other request for documents from any person or entity seeking disclosure of the confidential material, they shall promptly give written notice by overnight delivery or facsimile to counsel for the other party enclosing a copy of the subpoena, and shall also inform the party issuing the subpoena that the documents sought are subject to this Order and may not be disclosed without the consent of the other party or upon the order of a court with jurisdiction.

13. Any objection to the designation of an item of information as CONFIDENTIAL shall be made in writing to counsel for the Producing Party.  If the objection cannot be resolved by agreement within ten business days of the date of service of the objection, the objecting Party may move the Court to determine the propriety of the designation.  The objecting Party shall set forth in its motion the basis on which it believes that: (1) the information does not contain or consist of Confidential Information, the disclosure of which could adversely affect the Producing Party; and (2) the material constitutes relevant, admissible evidence.  The information that is the subject of the motion shall be treated in accordance with its designation status pending resolution of the motion. Attorney's fees and costs may be assessed if information that was identified as CONFIDENTIAL is later found by the Court not to be CONFIDENTIAL, to the extent allowed by the Federal Rules of Civil Procedure and the Court's Local Rules.

14. After the conclusion of this Lawsuit, each party shall either: (1) return all copies of material designated "CONFIDENTIAL" to counsel for the party that produced such documents or things; or (2) destroy all Confidential Documents.  The parties are not required to return or destroy confidential data archived on computer backups, but they will protect the backup archives from disclosure according to the terms of this Order.

15. The procedures established by this Order are intended to be cumulative and in addition to any Party's right to seek any further or different protection from the Court for any document or information deemed to be CONFIDENTIAL.

16. Pursuant to the stipulation between the parties, the provisions of this Order shall be deemed binding on the parties upon their execution of this document in order to facilitate the exchange of Confidential Material.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

**APPROVED AND AGREED:** *(Prior to modification by the Court)*

| | |
|---|---|
| */s/ Lucas M. Williams* | Date:  December 12, 2016 |

Andrew J. Cloutier
Lucas M. Williams
HINKLE SHANOR LLP
P.O. Box 10
Roswell, New Mexico 88202
*Attorneys for Devon Energy Production Co., L.P.*

| | |
|---|---|
| */s/ Robert A. (Andy Aycock* | Date:  December 12, 2016 |

Robert A. (Andy) Aycock
Field, Manning, Stone, Hawthorne & Aycock, P.C.
2112 Indiana Avenue
Lubbock, Texas 79410
*Attorneys for Cell Energy, LLC*